**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **SCOTT GUILFOYLE,** | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 1:23-cv-00240-DAE |
| | § | |
| **LIBERTY MUTUAL INSURANCE** | § | |
| **COMPANY,** | § | |
| *Defendant.* | § | |

**DEFENDANT'S FIRST AMENDED ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant, Liberty Insurance Corporation (originally incorrectly named as Liberty Mutual Insurance Company) (hereinafter referred to as "Defendant" or "Liberty"), and files this First Amended Answer to Plaintiff's First Amended Petition, and would respectfully show the Court as follows:

**I.**
**DISCOVERY**

1. Paragraph 1 does not require a response as it merely states that Plaintiff intends to conduct discovery at Level 3 pursuant to Rule 190.4 of the Texas Rules of Civil Procedure. After removal to Federal court, this case is now governed by a Scheduling Order entered by the Court.

**II.**
**THE PARTIES**

2. Upon information and belief, Defendant admits the allegations in Paragraph 2 of Plaintiff's First Amended Petition.

3. Defendant admits the allegations in Paragraph 2 of Plaintiff's First Amended Petition.

## III.
## JURISDICTION AND VENUE

4. After removal to federal court, subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332(a).

5. After removal to federal court, subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332(a).

6. Venue is proper in the Western District of Texas, Austin Division pursuant to 28 U.S.C. § 1391(b)(2).

## IV.
## FACTS

7. Defendant admits that Liberty Insurance Corporation Policy No. H37-298-589803-71 was issued to Plaintiff for the policy period of April 5, 2021 through April 5, 2022.

8. Upon information and belief, Defendant admits that Plaintiff owns the property located at 3 Woodland Loop, Round Rock, Texas 78664.

9. Defendant admits that Liberty Insurance Corporation Policy No. H37-298-589803-71 was issued to Plaintiff for the property located at 3 Woodland Loop, Round Rock, Texas 78664.

10. Defendant admits that a claim for windstorm damage was reported by Plaintiff on March 22, 2022.

11. Defendant admits that a claim for windstorm damage was reported by Plaintiff on March 22, 2022. Defendant further admits that claim number 048886682 was assigned to the claim.

12. Defendant admits that a claim for windstorm damage was reported by Plaintiff on March 22, 2022.

13. Defendant denies the allegations in Paragraph 13.

14. Defendant denies the allegations in Paragraph 14.

15. Defendant admits that it inspected the property made the basis of this lawsuit on April 4, 2022 and June 14, 2022. Defendant denies the remaining allegations in Paragraph 15.

16. Defendant denies the allegations in Paragraph 16.

17. Defendant denies the allegations in Paragraph 17.

18. Defendant denies the allegations in Paragraph 18.

19. Defendant denies the allegations in Paragraph 19.

20. Defendant denies the allegations in Paragraph 20.

21. Defendant denies the allegations in Paragraph 21.

22. Defendant denies the allegations in Paragraph 22.

23. Defendant denies the allegations in Paragraph 23.

24. Defendant denies the allegations in Paragraph 24.

25. Defendant denies the allegations in Paragraph 25.

26. Defendant denies the allegations in Paragraph 26.

27. Defendant denies the allegations in Paragraph 27.

28. Defendant denies the allegations in Paragraph 28.

29. Defendant denies the allegations in Paragraph 29.

30. Defendant denies the allegations in Paragraph 30.

## V.
## CAUSES OF ACTION

31. Defendant denies the allegations in Paragraph 31.

A. **Breach of Contract**

32. Defendant admits that it had a contract of insurance with Plaintiff.

33. Defendant denies the allegations in Paragraph 33.

34. Defendant denies the allegations in Paragraph 34.

35. Defendant denies the allegations in Paragraph 35.

36. Defendant denies the allegations in Paragraph 36.

**B. Noncompliance with Texas Insurance Code: Unfair Settlement Practices**

37. Defendant denies the allegations in Paragraph 37.

38. Defendant denies the allegations in Paragraph 38.

39. Defendant denies the allegations in Paragraph 39.

40. Defendant denies the allegations in Paragraph 40.

41. Defendant denies the allegations in Paragraph 41.

42. Defendant denies the allegations in Paragraph 42.

43. Defendant denies the allegations in Paragraph 43.

**C. Noncompliance with Texas Insurance Code: The Prompt Payment of Claims**

44. Defendant admits that on March 22, 2022, Defendant reported a claim under Policy No. H37-298-589803-71, which Defendant assigned as claim number 048886682. Defendant denies the remaining allegations in Paragraph 44.

45. Defendant denies the allegations in Paragraph 45.

46. Defendant denies the allegations in Paragraph 46.

47. Defendant denies the allegations in Paragraph 47.

48. Defendant denies the allegations in Paragraph 48.

**D. Breach of the Duty of Good Faith and Fair Dealing**

49. Defendant denies the allegations in Paragraph 49.

50. Defendant denies the allegations in Paragraph 50.

51. Defendant denies the allegations in Paragraph 51.

### E. Violation of Texas Deceptive Trade Practices Act

52. Defendant denies the allegations in Paragraph 52.

53. Defendant admits that Plaintiff is a consumer as that term is defined in the DTPA, but denies the allegations in Paragraph 53.

54. Defendant denies the allegations in Paragraph 54, including subsections (a)-(e).

55. Defendant denies the allegations in Paragraph 55.

### F. Common Law Fraud

56. Defendant denies the allegations in Paragraph 56.

57. Defendant denies the allegations in Paragraph 57.

58. Defendant denies the allegations in Paragraph 58.

59. Defendant denies the allegations in Paragraph 59.

## VI. DAMAGES

60. Defendant denies that Plaintiff is entitled to any of the relief sought in this action or the damages outlined herein. Defendant further denies the remaining allegations in Paragraph 60.

61. Defendant denies the allegations in Paragraph 61.

62. Defendant denies the allegations in Paragraph 62.

63. Defendant denies the allegations in Paragraph 63.

64. Defendant denies that Plaintiff is entitled to any of the relief sought in this action or the damages outlined herein. Defendant further denies the remaining allegations in Paragraph 64.

65. Defendant denies that Plaintiff is entitled to any of the relief sought in this action or the damages outlined herein. Defendant further denies the remaining allegations in Paragraph 65.

66. Defendant denies that Plaintiff is entitled to any of the relief sought in this action or the damages outlined herein. Defendant further denies the remaining allegations in Paragraph 66.

67. Defendant denies that Plaintiff is entitled to any of the relief sought in this action or the damages outlined herein. Defendant further denies the remaining allegations in Paragraph 67.

68. Defendant denies that Plaintiff is entitled to any of the relief sought in this action or the damages outlined herein. Defendant further denies the remaining allegations in Paragraph 68.

69. Defendant denies that Plaintiff is entitled to any of the relief sought in this action or the damages outlined herein.

70. Paragraph 70 does not require a response as it is a statement concerning Plaintiff's denial for relief under Federal law. Defendant denies that Plaintiff is entitled to any of the relief sought in this action or the damages outlined herein.

## VII.
## JURY DEMAND

71. Defendant is not required to admit or deny to Paragraph 71 as it merely asserts Plaintiff's request for a trial by jury.

## VIII.
## REQUEST FOR DISCLOSURE

72. Paragraph 72 contains Plaintiff's Request for Disclosure and does not require further answer. Defendant timely served disclosures in accordance with the Federal Rules of Civil Procedure.

## IX.
## REQUEST FOR MEDIATION

73. Defendant denies Plaintiff's request in Paragraph 73. Since this case has been removed to federal court, this case is now governed by a Scheduling Order entered by the Court, including the mediation deadline.

## X.
## PRAYER

74. Defendant denies that Plaintiff is entitled to any relief sought in Plaintiff's prayer for relief, including subsections (1)-(9).

## XI.
## AFFIRMATIVE DEFENSES/POLICY DEFENSES

75. **Lack of Coverage.** Defendant avers and asserts that Plaintiff's claims are barred because the Policy on which he bases his claim contains the following exclusions:

    SECTION I - PERILS INSURED AGAINST

    *A. Coverage A - Dwelling And Coverage B - Other Structures*
    *1. We insure against risk of direct physical loss to property described in Coverages A and B.*
    *2. We do not insure, however, for loss:*
       *a. Excluded under Section I - Exclusions;*
    *…*
       *c. Caused by:*
    *…*
    *(6) Any of the following:*
    *(a) Wear and tear, marring, deterioration;*
    *…*

> *(f) Settling, shrinking, bulging or expansion, including resultant cracking, of bulkheads,*
> *pavements, patios, footings, foundations, walls, floors, roofs or ceilings;*
> *...*
>
> *SECTION I - EXCLUSIONS*
> *...*
> *B. We do not insure for loss to property described in Coverages A and B caused by any of the following. However, any ensuing loss to property described in Coverages A and B not precluded by any other provision in this policy is covered.*
> *...*
> *3. Faulty, inadequate or defective:*
> *a. Planning, zoning, development, surveying, siting;*
> *b. Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;*
> *c. Materials used in repair, construction, renovation or remodeling; or*
> *d. Maintenance;*
> *...*

As such, portions of Plaintiff's alleged property damages are not covered under the policy pursuant to express terms and conditions.

76. **Failure to Mitigate.** Plaintiff has failed to take reasonable steps to avoid or mitigate its damages.

77. **Bona Fide Controversy.** A *bona fide* controversy existed and continues to exist concerning Plaintiff's entitlement to insurance benefits from Defendant. Defendant has a reasonable basis for its conduct based upon its investigation. Moreover, Defendant would show that a *bona fide* controversy existed and that liability, if any, under the Policy was not reasonably clear and remains so to date. The existence of a *bona fide* dispute precludes a finding of bad faith on the part of Defendant.

78. **Limitations on Damages, Occurrence Limits, and Deductibles.** Defendant's liability, if any, for damages in this case are limited by various provisions of the Policy. These

include the limits of liability provided for on the Declarations Pages of the Policy, as well as the deductible applicable to the loss which is also included on the Declarations Pages.

## XII.
## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant Liberty Insurance Corporation respectfully prays that upon final hearing hereof, Plaintiff take nothing by its suit, that Defendant Liberty Insurance Corporation be discharged with its costs; and that Liberty Insurance Corporation have such other and further relief to which it may be justly entitled.

Respectfully submitted,

**HANNA & PLAUT, L.L.P.**
211 East Seventh Street, Suite 600
Austin, Texas 78701
Telephone:  (512) 472-7700
Facsimile:  (512) 472-0205

By:  */s/ Karla Y. Huertas*
   Catherine L. Hanna
   State Bar No. 08918280
   channa@hannaplaut.com
   Karla Y. Huertas
   State Bar No. 24087765
   khuertas@hannaplaut.com

**ATTORNEYS FOR DEFENDANT
LIBERTY INSURANCE CORPORATION**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 11th, 2024, a true and correct copy of this document was filed via the Court's ECF system pursuant to LR5.1. The notice of electronic filing generated by the ECF system constitutes service of the document on counsel who are registered users of the system.  Any other counsel of record will be served pursuant to FRCP 5(b) on this same date.

| | |
|---|---|
| Michael E. Cooper | *Via Email: mcooper@hodgefirm.com* |
| Shaun W. Hodge | *Via Email: shodge@hodgefirm.com* |
| THE HODGE LAW FIRM, PLLC | |
| The Historic Runge House | |
| 1301 Market Street | |
| Galveston, Texas 77550 | |
| *Attorneys for Plaintiff* | |

                                             */s/ Karla Y. Huertas*
                                             Karla Y. Huertas